■ MAXINE GOLDFARB, Respondent, v GEORGE A. HUDSON, JR., et al.,

Defendants, and REGO MAINTENANCE CORP., Appellant.—Order of the Supreme Court, Bronx County, entered July 26, 1979, which denied defendant-appellant's motion for summary judgment to dismiss the complaint, unanimously reversed, on the law, with costs and disbursements, and the complaint as to defendant-appellant dismissed. Plaintiff was injured while a passenger in a private automobile owned and operated by defendant Heath. Seeking in the early hours of the morning to return home to The Bronx from a discotheque in Manhattan, plaintiff hailed a taxicab driven by Heath and maintained by defendant-appellant Rego, Heath's employer. Before starting, plaintiff offered and Heath agreed to a fixed rate of $10 for the trip. In the course of the taxi ride, Heath told plaintiff the defroster was malfunctioning. Thereupon Heath, with the acquiescence of plaintiff, proceeded to the taxi depot, turned in the cab, had plaintiff transfer to Heath's own automobile which had been parked at the depot and continued on the way until the accident occurred. The complaint alleges, *inter alia,* that Heath was transporting plaintiff "while in the course or furtherance of his employment as a taxi driver with and for the defendant REGO." At issue is whether defendant-appellant is. liable under the principle of *respondeat superior.* Defendant-appellant urges that the record lacks any facts which support plaintiff's claim that the accident occurred while Heath was working for defendant-appellant. We agree with defendant-appellant. Heath's conduct fell outside the scope of his employment. There is nothing in the record to indicate that defendant-appellant authorized or directed Heath to. have plaintiff transfer to Heath's private automobile to continue the trip home. Neither does the record disclose any basis for plaintiff's claim that it was within Heath's discretion as an employee of defendant-appellant "to continue the journey in his own car for the safety of his [passenger]". Nor has it been shown that the transfer of plaintiff to defendant-appellant's private vehicle was within the range of things customarily done by a taxi driver for a passenger. Finally, no evidentiary facts were presented to demonstrate that defendant-appellant did anything to clothe Heath with apparent authority "to conduct himself the way he did." (See *Ford v Unity Hosp.,* 32 NY2d 464, 472-473.) Concur—Birns, J. P., Sullivan, Silverman, Lynch and Carro, JJ.